THE LAW OFFICE OF
# NOOR A. SAAB

Noor A. Saab, Esq.*
-----------
* Admitted in New York

380 N. Broadway, Ste 300
Jericho, New York 11753
Tel: (718) 740-5060 * Fax: (718) 709-5912
Email:  NoorASaabLaw@gmail.com

<u>QUEENS OFFICE</u>
148-02 Hillside Ave
Jamaica, New York 11435

January 29, 2024

**BY ECF**
Honorable Judge Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   **Re: FELIX CASTRO v. OUTDOORMANS RESALE, INC. Case no: 1:23-cv-03516**

To the Honorable Judge Jesse M. Furman,

  As Your Honor is aware, we represent Plaintiff Felix Castro ("Plaintiff") in the above-referenced action. Pursuant to Your Honor's Order dated January 22, 2024 (Dkt. No. 37), counsel for the Plaintiff submits a letter detailing counsel's medical issues with accompanying documents. In compliance with Your Honor's Individual Rule 7.C.2, Plaintiff, with the consent of the Defendant, respectfully requests Court approval to seal the letter and medical documentation that is private to counsel.

**Background**
  On April 27, 2023, Plaintiff Felix Castro, on behalf of himself and all others similarly situated ("Plaintiff"), filed a complaint against Defendant alleging that Defendant's website is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act, and other state and local laws. (Dkt. No. 1.) On January 19, 2024, Plaintiff filed a stipulation of dismissal, advising the Court of the parties' wishes for the case to be dismissed. (Dkt. No. 35) On January 22, 2024, Your Honor Ordered that Plaintiff submit a letter with accompanying medical information to this Court regarding Counsel's medical issues.

**Legal Analysis**
  To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. See, e.g., *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In evaluating motions to seal, courts in the Second Circuit will consider whether the document is a judicial document, then analyze the weight of the presumption, and finally balance the competing considerations against the presumption of access. See *Lugosch*, 435 F.3d at 119-120. Indeed, while the Second Circuit recognizes the right of public access to judicial documents, it has held that this right is "not absolute and 'the court must balance competing considerations against it.'" *Valelley v. Merrill Lynch, Pierce, Fenner & Smith Inc*., 2023 U.S. Dist. LEXIS 185811, at *4 (S.D.N.Y. Oct. 3, 2023). The need to protect the privacy of these third parties is a compelling one, *see Amodeo* II,

71 F.3d at 1050-51 ("We have previously held that '[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'" (quoting *Gardner v. Newsday, Inc.* (In re Newsday, Inc.), 895 F.2d 74, 79-80 (2d Cir. 1990))), which overrides any public interest in the disclosure of these materials because such materials are truly tangential to the sentencing decision in this case. See *Lugosch*, 435 F.3d at 119 (weight of presumption of access diminished where information at issue is tangential or irrelevant); Amodeo II, 71 F.3d at 1049 (weight of presumption varies "on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance") In Gardner v Newsday, Inc, the court held that the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'" (*Gardner v. Newsday, Inc*, 895 F.2d 74, 79-80 (2d Cir. 1990). The party seeking to seal the documents in question bears the burden of showing that higher values overcome the presumption of access. *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012)

  In this case, the private medical information within the letter to the Court and the accompanying medical documentation holds no bearing on the outcome of case, or the merits thereof.  The Defendant consents to the letter and documentation being sealed.  The Parties have agreed to resolve the herein action and have already filed a stipulation of dismissal.  Further, there is a clear potential for irreparable harm to counsel Noor Abou-Saab by denying the request to seal the documents.  Several of the documents the Court has requested that Counsel put on the public docket are protected by the HIPAA Privacy Rule, as they contain sensitive and personal medical information. Such information, if made public, bears a likelihood of being used against Counsel by any future adversaries in future actions. Based on the aforementioned case law, counsel for the Plaintiff has a compelling interest in keeping his medical information confidential that is narrowly tailored and overcomes the presumption in favor of open records. The information is tangential to the underlying issue of the case and does not bear on the outcome of the case.  Based on the foregoing, Plaintiff respectfully requests the letter and medical documentation submitted to this Court be sealed, with the consent of the Defendant.

  The Plaintiff wishes to thank Your Honor and this Court for the time and attention to this matter and for Your Honor's consideration of this application.

The Court finds that Mr. Saab's privacy interests in the particulars of his medical information and records outweigh the presumption in favor of public access. Accordingly, the application is granted.  The Clerk of Court is directed to maintain ECF No. 40 under seal, and to terminate ECF No. 39.

Respectfully Submitted,

*/s/ Noor A. Saab*
Noor A. Saab, Esq.
Attorney for the Plaintiff

SO ORDERED.

*[signature]*

January 30, 2024

2